A05A0321. KELLY v. THE STATE.
(606 SE2d 586)

BLACKBURN, Presiding Judge.

Following a bench trial, Leroy Kelly, acting pro se, appeals his conviction for DUI and speeding, contending in three enumerations of error that the trial court erred by believing the arresting officer's account of the events rather than his own. For the following reasons, we affirm.

---

First, contrary to the rules of this Court, Kelly has wholly failed to support his enumerations of error with either citations to the record or applicable case law. See Court of Appeals Rule 27 (a). As such, he has waived appellate review of his claims.

Second, even if Kelly had not waived appellate review in this manner, he specifically requested in his notice of appeal that the "[e]ntire record of the proceeding" and "[a]ny transcripts from motion hearings" be excluded from the record. As such, no transcript of the bench trial was filed in this case, and, the absence of this transcript would preclude us from considering Kelly's contentions. *Jones v. State.*[1]

And finally, even if we could reach Kelly's contentions, this Court has no power to consider the credibility of the witnesses. It is axiomatic that "[i]n a bench trial, the trial court weighs the evidence and determines the credibility of witnesses." *Matheson v. State.*[2]

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED OCTOBER 27, 2004 —
RECONSIDERATION DENIED NOVEMBER 9, 2004.

Leroy Kelly, *pro se.*
*Gerald N. Blaney, Jr., Solicitor-General,* for appellee.

---

[1] *Jones v. State,* 265 Ga. App. 97, 100 (4) (592 SE2d 888) (2004).
[2] *Matheson v. State,* 249 Ga. App. 200, 201 (1) (547 SE2d 774) (2001).